RECEIVED
SEP 0 7 2005
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | |
|---|---|
| LESLEY HARROWER, ET AL | CIVIL ACTION NO. 04-0305 |
| VERSUS | JUDGE DOHERTY |
| THE NATIONAL RAILROAD PASSENGER CORPORATION, ET AL | MAGISTRATE JUDGE HILL |

## MEMORANDUM RULING

Pending before this Court are three (3) motions which have been filed by the defendants in this matter:

(a) Motion for Partial Summary Judgment and Additionally or Alternatively, Motion in Limine Regarding Speed [Doc. 38];

(b) Motion for Partial Summary Judgment and, Additionally or Alternatively, Motion in Limine on the Issue of Preemption of Liability for Additional Signalization at the Crossing [Doc. 40]; and

(c) Motion to Quash Return of Service, or, Alternatively, Motion to Dismiss, on Ground of Insufficient Service of Process [Doc. 61].

The motions are opposed by the plaintiffs and have been taken under advisement by the Court. For the following reasons, all three motions will be denied.

### FACTS

On or about December 30, 2002, Phillip Harrower was driving a vehicle south on Louisiana Highway 88 when his vehicle collided with an AMTRAK passenger train traveling westbound on

Burlington Northern and Sante Fe Company's main line track west of New Iberia, Louisiana. Mr. Harrower was killed in the accident and his wife and sons have filed asserted their own wrongful death claims as well as a survival action on behalf of Mr. Harrower arising out of the accident. Named as defendants are the National Railroad Passenger Corporation ["AMTRAK"], the Burlington Northern and Sante Fe Railway Company, the State of Louisiana through the Department of Transportation and Development, Mark Belton, and Rory T. Lee.

I.  **SPEED**

The defendants move for partial summary judgment as to any claim or argument that either the speed the train was traveling at the time of the accident, or the timetable speed limit which applied at the location of the accident, constituted negligence on the part of any of the defendants. Specifically, the defendants argue that federal law preempts Louisiana negligence claims based upon the speed the train was traveling (if it was traveling within the established speed limit) and the timetable speed limit established for the train at the location where the accident occurred. Based upon this argument, the defendants seek (a) partial summary judgment dismissing any such claims and (b) an order by this Court precluding the plaintiffs from presenting evidence or argument at trial regarding any such claim.

Without addressing the correctness of the defendants' legal arguments, it is simply too early in this litigation for the plaintiffs to be able to respond to the defendants' factual statements concerning the speed the train was allegedly traveling. The defendants have indirectly acknowledged that it is too early in the course of this litigation even to be able to ascertain what specific claims the plaintiffs are making: "To the extent that the above quoted allegations are sufficient to claim that the

train speed or the timetable speed limit was a cause of the accident, this Motion is filed."[1]

The defendants' motion was filed at a time when no discovery had been conducted by the plaintiffs and the parties have had no opportunity to winnow out the possible claims from those which are actually being asserted. As such, the motion is premature at this time and it will be denied without prejudice to the defendants' ability to re-urge the motion once discovery has been completed.

## II. SIGNALIZATION

The defendants move for partial summary judgment as to any claim or argument concerning the adequacy of the array of signals at the railroad crossing where Mr. Harrower was killed. Specifically, the defendants argue that federal law preempts Louisiana negligence claims based upon the adequacy of the signals at the subject railroad crossing if the federal government has used federal funds to install warning devices at the crossing prior to the accident. Based upon this argument, the defendants seek (a) partial summary judgment dismissing any such claims and (b) an order by this Court precluding the plaintiffs from presenting evidence or argument at trial regarding any such claim.

Once again, and without addressing the correctness of the defendants' legal arguments, it is simply too early in this litigation for the plaintiffs to be able to respond to the defendants' factual statements concerning the signalization at the crossing or the expenditure of federal funds to install warning devices at that location. The defendants' motion was filed at a time when no discovery had been conducted by the plaintiffs and the parties have had no opportunity to winnow out the possible claims from those which are actually being asserted. As such, the motion is premature at this time,

---

[1] Memorandum in Support of Motion for Partial Summary Judgment and Additionally or Alternatively, Motion in Limine Regarding Speed [Doc. 38], at 2.

and it will be denied without prejudice to the defendants' ability to re-urge the motion once discovery has been completed.

### III. SERVICE OF PROCESS

One defendant, Mark Belton, filed a Motion to Quash Return of Service or, Alternatively, Motion to Dismiss on the Grounds of Insufficient Service of Process. Thereafter, however, Mr. Belton filed answers to the Harrowers' complaint as well as the State of Louisiana's cross-claim and, moreover, has amended those answers. Moreover, counsel for Mr. Belton has notified this Court by telephone communication that Mr. Belton no longer contests the sufficiency of service of process. As such, the Motion to Quash Return of Service or, Alternatively, Motion to Dismiss on the Grounds of Insufficient Service of Process will be denied.

### CONCLUSION

For the foregoing reasons, the three pending motions (Motion for Partial Summary Judgment and Additionally or Alternatively, Motion in Limine Regarding Speed; Motion for Partial Summary Judgment and, Additionally or Alternatively, Motion in Limine on the Issue of Preemption of Liability for Additional Signalization at the Crossing; and Motion to Quash Return of Service, or, Alternatively, Motion to Dismiss, on Ground of Insufficient Service of Process) will be denied without prejudice to the defendants' right to re-urge their summary judgment and limine motions once discovery has been completed/

Lafayette, Louisiana, this _____ day of September, 2005.

REBECCA F. DOHERTY
UNITED STATES DISTRICT JUDGE

-4-