UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE-OPELOUSAS  DIVISION

| | | |
|---|---|---|
| LESLEY HARROWER, ET AL | * | CIVIL ACTION NO. 04-0305 |
| VERSUS | * | JUDGE DOHERTY |
| THE NATIONAL RAILROAD PASSENGER CORP., ET AL | * | MAGISTRATE JUDGE HILL |

<u>REPORT AND RECOMMENDATION ON MOTION TO SET
ATTORNEYS' FEES AND MOTION TO DISMISS</u>

Pending before the Court are the Plaintiffs' Motion to Set Attorneys' Fees filed

by Lesley Harrower, David Harrower, and Michael Harrower ("Harrower") on

January 23, 2007 [rec. doc. 127], and the Motion to Dismiss filed by André F. Toce

("Toce") on February 27, 2007 [rec. doc. 145].  On May 17, 2007, a hearing was held

on the motions.  Appearing at the hearing were Michael S. Harper and James Brent

Barry for Harrower, and André F. Toce and Joseph Arshawsky.  After hearing the

evidence, the undersigned took the motions under advisement.  Based on the

following reasons, I recommend that the motion to dismiss be **GRANTED**, and that

the motion to set attorney's fees be **DENIED** for lack of jurisdiction.

<u>Background</u>

The underlying lawsuit arose out of an accident on December 30, 2002, in

which Phillip Harrower was killed at a railroad grade crossing in Iberia Parish when

his vehicle was struck by an AMTRAK locomotive.  His widow, Lesley Harrower, retained attorney Toce to represent her on October 22, 2003.  Her sons, Michael and David Harrower, retained Toce on December 17, 2007.  All three parties entered into separate Contingent Fee Contracts with Toce. [rec. doc. 127-3].

Toce consulted and retained attorney Michael Harper (Harper) to serve as co-counsel in this case.  On December 17, 2003, Toce and Harper entered into a "Letter Agreement Regarding the Division of Responsibility and Fees in the Wrongful Death Action of Phillip Harrower." [rec. doc. 145, Exhibit "A"].

On December 29, 2003, Toce and Harper filed a wrongful death suit on behalf of the Harrowers in the 16th Judicial District Court, Parish of Iberia, under Docket No. 102039-G.  By Notice of Removal dated January 23, 2004, the defendants removed the action to this Court on the basis of federal question jurisdiction.

 By letter dated January 28, 2004, Lesley Harrower terminated Toce on behalf of herself, David and Michael Harrower. [rec. doc. 127-3, Exhibit "B"].  On October 5, 2006, Toce filed the contingency fees contracts, along with affidavits, in the mortgage records of Lafayette Parish. [rec. doc. 127-3, Exhibit "D"].

In late 2006, plaintiffs entered into a partial settlement with defendant, the Iberia Parish Government, for $75,000.  By letter dated November 21, 2006, Harper notified Toce of this settlement, and requested a ledger balance for out-of-pocket

expenses incurred by Toce.  [rec. doc. 127-3, Exhibit "E].   Harper also  noted that they needed to discuss the fee issue.  Harper indicated that any disputed funds would be placed into the registry of the state court until the dispute was resolved.

On  January  23,  2007,  plaintiffs  filed  a  Motion  to  Set  Attorneys'  Fees requesting  that  Toce  be  compelled  to  appear  before  this  Court  and  provide documentation to support his lien for fees and expenses.  [rec. doc. 127].

On February 27, 2007,  Toce filed a Petition for Damages for Breach of Written Contract and Fiduciary Duty in the Fifteenth Judicial District Court, Lafayette Parish, Louisiana, to recover the attorney's fees and expenses incurred by him. That case was assigned Docket No. 2007-0993. [rec. doc. 145, Exhibit "A"].  On the same date, Toce filed, in this Court, a Motion to Dismiss the Motion to Set Attorney Fees filed by Harper, for lack of subject matter jurisdiction. [rec. doc.  145].

The undersigned held a hearing on the motion for attorney's fees and the motion to dismiss on May 17, 2007. Toce testified as a witness at the hearing.  After the taking of the evidence, the undersigned took these motions under advisement. This Report and Recommendation follows.

## Jurisdiction

Toce argues that this Court lacks subject matter jurisdiction to decide the attorney's fee dispute.  As no independent basis for jurisdiction exists over this controversy, this Court must determine whether it has supplemental jurisdiction to resolve the fee dispute.

The supplemental jurisdiction statute, 28 U.S.C. § 1367, provides, in pertinent part, as follows:[1]

> "... in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy ..."

Thus, for this Court to exercise supplemental jurisdiction, the claim at issue (the attorney fee dispute) must bear a "logical relationship to the aggregate core of operative facts which constitutes the main claim over which the court has an independent basis of federal jurisdiction." *Warren G. Kleban Engineering Corp. v. Caldwell*, 490 F.2d 800, 802 (5th Cir. 1974) (*citing Revere Copper & Brass, Inc. v. Aetna Cas. & Sur Co.*, 426 F.2d 709, 714 (5th Cir. 1970)).  Generally, federal courts addressing the issue have concluded that attorney fee disputes meet the "relatedness"

---

[1]The 1990 amendments to § 1367 combined the two concepts of pendent and ancillary jurisdiction into "supplemental" jurisdiction.

4

test for supplemental jurisdiction. *Tanguis v. M/V Westchester; Marine Oil Trader 3 Limited*, 2003 WL 21674473 (E.D. La. July 16, 2003); *In re Private Counsel Agreement*, 1999 WL 1022131 (E.D. Tex. Nov. 5, 1999) and cases cited therein.

The only Fifth Circuit case which the undersigned has located which addresses the issue of whether a federal court has ancillary jurisdiction to decide an attorney fee dispute is *Broughten v. Voss*, 634 F.2d 880 (5th Cir. 1981).  In *Broughten*, the court *declined* to exercise supplemental jurisdiction over a fee dispute between an *attorney and his client.* In *Broughten*, the law firm filed a motion to withdraw after it became involved in a fee dispute with the client.  The district judge conditioned withdrawal of counsel on resolution of the fee dispute.  On appeal, the Fifth Circuit held that where counsel's withdrawal is voluntary, the court does not have ancillary jurisdiction over a fee dispute; the only matter that was properly before the district court was whether withdrawal would prejudice the client or disrupt prosecution of the suit.

Toce argues that because this dispute arises purely from the private "joint venture agreement" between himself and Harper, there is no basis for ancillary jurisdiction, citing *The Law Offices of Daniel E. Becnel v. The John Arthur Eaves Law Firm*, 2001 WL 1426681 (E.D. La. Nov. 14, 2001).  In that case, Magistrate Judge Roby held, in essence, that if a fee dispute arises purely from a private contract

5

between attorneys, the district court does not have ancillary jurisdiction.[2]

In a more recent case from the Eastern District, *Tanguis*, *supra*, Judge Zainey held that the court did not have supplemental jurisdiction in a limitation action over a fee dispute arising from a private contract.  In reaching this determination, Judge Zainey distinguished *Broughten* on the following grounds: (1) the dispute at issue did not involve an attorney-client fee dispute, but arose purely from a private contract among the attorneys; (2) the case at issue did not involve a motion to withdraw or a motion to substitute counsel; (3) the claimants at issue were dismissed with prejudice for failure to timely file their claims, and the court declined to exercise jurisdiction to determine the rights to settlement proceeds or attorney's fees involving claimants who had been dismissed from the underlying limitation proceeding prior to its conclusion; (4) the court would have to engage in extensive fact-finding to resolve the dispute at issue, and (5) the court's failure to decide the dispute did not deprive those who were never parties to the original action of their rights.

In conclusion, Judge Zainey found that "[t]here is no connection between the underlying limitation proceeding and the dispute among the attorneys that would

---

[2]*But see Baer v. First Options of Chicago*, 72 F.3d 1294, 1300 (7th Cir. 1995) (district court had supplemental jurisdiction over post-settlement lawyer-versus-lawyer fee dispute); *In Re Private Counsel Agreement, supra* (district court had jurisdiction over fee dispute between attorneys).

justify an assumption of supplemental jurisdiction.  The claim must bear a 'logical relationship to the aggregate core of operative facts which constitutes the main claim over which the court has an independent basis of federal jurisdiction.' [citation omitted].  This claim does not meet that criteria." *Id*. at \*2.

For the reasons set forth in *Tanguis*, the undersigned finds that the Court should not exercise supplemental jurisdiction in this case.  First, this is *not* a dispute between attorney and client, but is a dispute between the attorneys. Second, this dispute does not bear a relationship to the core issues in the main suit for wrongful death.  Finally, the facts here are even less compelling in favor of the court exercising supplemental jurisdiction here than was the case in *Broughton*, because (1)  part of the attorney fees have already been settled, and (2) this dispute is between lawyers and does not involve the client. Accordingly, the undersigned finds that this court does not have supplemental jurisdiction to decide the attorney's fee dispute.

## Conclusion

Based on the foregoing, it is my recommendation that the motion to dismiss be **GRANTED**, and that the claim for attorney's fees be **DENIED** for lack of jurisdiction.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and F.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have ten (10) business days from service

of this Report and Recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within ten (10) days after being served with a copy thereof.  Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FACTUAL FINDINGS AND/OR THE PROPOSED LEGAL CONCLUSIONS REFLECTED IN THIS REPORT AND RECOMMENDATION WITHIN TEN (10) DAYS FOLLOWING THE DATE OF ITS SERVICE, OR WITHIN THE TIME FRAME AUTHORIZED BY FED.R.CIV.P. 6(b), SHALL BAR AN AGGRIEVED PARTY FROM ATTACKING THE FACTUAL FINDINGS OR THE LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT COURT, EXCEPT UPON GROUNDS OF PLAIN ERROR.  *DOUGLASS V. UNITED SERVICES AUTOMOBILE ASSOCIATION*, 79 F.3D 1415 (5TH CIR. 1996).**

Signed June 7, 2007, at Lafayette, Louisiana.

C. Michael Hill

C. MICHAEL HILL
UNITED STATES MAGISTRATE JUDGE